IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHARON WILKINS | |
| Plaintiff, | |
| | CA No.: _____ |
| v. | |
| Promises Behavioral Health LLC | JURY DEMANDED |
| Defendant. | |

## ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Sharon Wilkins complains of Defendant Promises Behavioral Health and for cause of action would show the Court as follows:

## INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this action against Defendant for its race discrimination and retaliation violation under 42 U.S.C. § 1981 as well as Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et. Seq. ("Title VII").

## PARTIES

3. Plaintiff Sharon Wilkins ("Wilkins" or "Plaintiff") is an individual who resides in Sachse, Dallas County, Texas.

4. Defendant Promises Behavioral Health ("Promises" or "Defendant") is a corporation employing more than fifteen (15) regular employees. Plaintiff worked for Defendant out of Dallas County and throughout Texas. Defendant can be served through its registered

agent Corporation Service Company DBA CSC-Lawyers Incorporating Service Company 711 E.7th Street Suite 620 Austin, Texas 78701.

## VENUE

5.    Venue is appropriate in the United States District Court for the Northern District of Texas, Dallas Division because the events or omissions giving rise to the matter in controversy occurred in this district and because Defendant has substantial contacts within this district. Venue is proper in this Court under 28 U.S.C. § 1391.

## JUSRISDICION

6.    The Court has subject matter jurisdiction over this case based on federal question jurisdiction, under 28 U.S.C. §1331 and 42 U.S.C. § 1981.

7.    The unlawful employment practices were committed within the jurisdiction of this Court.

## CONDITIONS PRECEDENT

8.    No administrative exhaustion or other conditions precedents are required prior to the filing of claims under 42 U.S.C. § 1981. As for the claim for employment discrimination under Title VII, Plaintiff has exhausted her remedies and has received a Right to Sue letter from the United States Equal Employment Opportunity Commission.

## FACTS

9.    Plaintiff Sharon Wilkins is an African American female. She worked for Defendant, initially hired in 2016 as a Territory Manager and ultimately promoted to Texas Regional Sales Director because of her success and excellent measurables in her work performance.[1]

10.   After her promotion to Texas Regional Sales Director, Plaintiff hired a minority sales representative in the Houston market and presented a well-qualified minority candidate for

---

[1] In her short time in her new position, Plaintiff increased the census growth by 65%.

hire in the Dallas market. After they physically met the African American minority candidate, Plaintiff's direct manager, the Vice President of Business Development and the Senior Vice President of Marketing put a stop the hiring process of her.

11. Plaintiff requested to move to the next step in that African American female's interviewing process and the Sr. Vice President of Marking wholly refused that request.

12. Plaintiff requested the final interview for hiring the African American candidate with the VP of Marketing for the week of August 14, 2019. The VP of Marketing wholly failed to respond to Plaintiff's request.

13. Plaintiff was opposed to this discriminatory practice.

14. To the contrary, on August 13, 201, the VP of Business Development called Plaintiff and asked her to accept a voluntary demotion from her current manager position to a field representative position with a $15,000 pay cut. At that time, Plaintiff had no disciplinary or corrective actions in her file. It is important to note that when Plaintiff asked for a reason for the demotion and pay cut, her supervisor related a situation that had occurred the previous February wherein Plaintiff refused to sign off on expense request with unsupported documentation. That situation, over 6 months earlier, had been resolved.

15. Plaintiff requested to keep her current salary with her demotion.

16. Instead, Defendant terminated Plaintiff.

17. Defendant replaced Plaintiff with a Caucasian male.

18. Not only did Defendant replace Plaintiff with a Caucasian male, Defendant treated Caucasian males more favorably than her, including but not limited to, Dave Sebeck and Jim Duffy.

19. Defendant had no legitimate business reasons to take the its adverse actions against Plaintiff. Defendant wholly failed to investigate any false allegations made against Plaintiff.

20. Defendant discriminated and retaliation against Plaintiff in violation 42 U.S.C. § 1981 and Title VII of the Civil Rights Act (as amended) based on race.

## CAUSES OF ACTION

### I.
### *RACE DISCRIMINATION 42 U.S.C. § 1981.*

21. Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

22. Defendant has discriminated and retaliated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race.   Plaintiff was subjected to discriminatory treatment that resulted in his unlawful termination on the basis of her race, in violation of 42 U.S.C. § 1981.

23. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and/or conducted in callous disregard of the rights of Plaintiff – entitling Plaintiff to punitive damages.

24. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost employment opportunities, lost wages, lost back pay and front pay, lost benefits, and attorneys' fees and costs.  Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendant under 42 U.S.C. § 1981.

25. As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer impairment to her name and reputation, humiliation, embarrassment, emotional

4

distress, and mental anguish.  Plaintiff is entitled to recover damages for such injuries form the Defendant under 42 U.S.C. § 1981.

26.

## II.
## *RACE DISCRIMINATION UNDER TITLE VII*

27.    Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

28.    Defendant has discriminated and retaliated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race.  Plaintiff was subjected to discriminatory treatment that resulted in her unlawful termination on the basis of her race, in violation of Title VII.

29.    Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and/or conducted in callous disregard of the rights of Plaintiff – entitling Plaintiff to punitive damages.

30.    As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost employment opportunities, lost wages, lost back pay and front pay, lost benefits, and attorneys' fees and costs. Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendant under Title VII.

31.    As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer impairment to her name and reputation, humiliation, embarrassment, emotional distress, and mental anguish.  Plaintiff is entitled to recover damages for such injuries form the Defendant under Title VII.

## DAMAGES

32.  As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

## ATTORNEY'S FEES

33.  Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG SPROVACH, 3518 Travis Street, suite 200, Houston, Texas 77002 in initiating this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.  An award of reasonable and necessary attorney's fees to Plaintiff would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code.

## JURY DEMAND

34.  Plaintiff hereby re-states her request for a jury trial.

## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer herein, and then on final hearing, Plaintiff have judgment as follows:

a.  Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

b.  Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

c.  Judgment against Defendant, for front pay by Plaintiff as alleged herein;

d.  Grant Plaintiff general damages for the damage to Plaintiff's reputation;

e.  Pre-judgment interest at the highest legal rate;

f.  Post-judgment interest at the highest legal rate until paid;

g.  Compensatory damages;

h.  Attorney's fees;

i.  All costs of court expended herein;

j.  Such other and further relief, at law or in equity, general or special to which Plaintiff

may show Plaintiff justly entitled.

Respectfully submitted,

*/s/ Ellen Sprovach*
Ellen Sprovach
Attorney-in-Charge for Plaintiff
USDC SD/TX No. 22202
Texas State Bar ID 24000672
ROSENBERG  SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)

OF COUNSEL:
ROSENBERG & SPROVACH                    ATTORNEYS FOR PLAINTIFF